UNION TRUST COMPANY *vs.* NATIONAL COAL COMPANY *et al.*

JULY 16, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This action of trespass and ejectment was tried by a justice of the superior court, sitting without a jury, who, after hearing all the testimony, entered a decision for the plaintiff for possession and costs. The case is before us on defendants' exceptions to this decision and to the refusal of the court to vacate the assignment of the case for trial.

The facts are simple and undisputed. The plaintiff acquired the premises in question on June 22, 1939, by virtue of a foreclosure sale under the power of sale contained in a mortgage made and executed by the defendant Scheindel Tanenbaum, who, with the defendants Harry and Solomon Tanenbaum, was doing business as the National Coal Company. On July 1, 1939, plaintiff gave defendants a notice to quit the premises by July 15, 1939, which the defendants

admit receiving. The writ in this case, dated December 11, 1939, was returnable to the district court of the sixth judicial district on December 20, 1939. The defendants paid no rent whatsoever at any time after the foreclosure sale.

When the case reached the superior court, a justice of that court, at the instance of the plaintiff, assigned the case for trial to February 6, 1940, *ex parte,* on the "Motion and Order" of the plaintiff dated January 22, 1940; and on that same day, in accordance with the direction of said justice, plaintiff's counsel gave notice in writing of such assignment to counsel for the defendants. Receipt of this notice is admitted.

The defendants did nothing respecting such assignment until the case was called for trial on February 6, 1940, when their counsel moved orally that the case be passed, on the ground that the assignment of the case for trial on that day, as made, was without warrant in law and therefore a nullity. The trial justice overruled this motion because the defendants failed to complain of such assignment before the case was actually reached for trial. The defendants duly excepted to this ruling. Directly after the notation of this exception, the record shows that the defendants agreed to proceed to trial without a jury.

General laws 1938, chapter 525, § 8, provides that, where a case is certified to the superior court on an appeal from a district court, it shall be in order for assignment for trial on the assignment-day which occurs next after ten days from its certification, "but if the case be for tenements let, or held at will or by sufferance, it . . . shall be in order for assignment forthwith, and shall take precedence of other matters on the calendar." The first Saturday in every month, except in vacation, is assignment-day in the superior court for Providence county. G. L. 1938, c. 526, § 4.

All motions, except *ex parte* motions, are regulated by the provisions of G. L. 1938, chap. 504, § 3. According to

this section, a motion must be in writing; it must be filed at least sixty hours before being called for hearing, and notice thereof, in writing, must be served upon the adverse party or his attorney at least forty-eight hours before the hearing. No reference to a case for tenements let, or held at will or by sufferance, is made in said § 3. A rule of the superior court, approved by this court in 1931, provides that in case of urgency for cause shown, a motion to assign may be filed upon such terms, as to time for filing and notice of hearing, as the court may prescribe. (Rule 2, 1931).

The manner in which the instant case was assigned for trial is in violation of the above-mentioned statutes and rule of court. While § 8 of chap. 525 provides that an action of trespass and ejectment is "in order for assignment forthwith", it does not deny a defendant, in such a case, the right to be heard as to when the case is to be assigned for trial. A plaintiff who desires speedy action may move to assign the case for trial immediately after its certification from the district to the superior court, irrespective of the ordinary assignment-day for cases in the latter court, by complying with the requirements of § 3, chap. 504. If great urgency exists, he may invoke the further assistance of the above-mentioned rule of court, under which the court, for cause shown, may itself fix the time for filing and notice of hearing of a motion to assign. However short, within reason, the time so fixed for hearing the motion may be, the defendant still is entitled to such notice within that time as will give him an opportunity to be heard on the motion.

Failure to comply with the requirements of the statute or rule of court concerning an assignment for trial cannot be excused on the ground that it is the nonobservance of mere formality. Such requirements are jurisdictional in character and must be complied with before a case can properly be tried on its merits.

The assignment for trial in the instant case did not bind the defendants. While they might have moved to vacate the assignment before the trial day, they were under no legal duty to do so. Their motion to vacate the assignment and pass the case, which they made when the case was actually reached for trial, should have been granted. The defendants duly excepted to the ruling of the trial justice on this interlocutory and intermediate matter. The fact that they thereafter agreed to proceed to trial without a jury did not deprive them of the benefit of that exception. *American Electrical Wks.* v. *Devaney*, 32 R. I. 292. Until there was a decision on the merits, defendants could not prosecute a bill of exceptions on their exception to the refusal of the trial justice to vacate the assignment. *Troy* v. *Providence Journal Co.*, 43 R. I. 22. The defendants' exception on this point is sustained.

In view of our conclusion, it is unnecessary to consider any other exception.

The defendants' exception hereinbefore mentioned is sustained, and the case is remitted to the superior court for a new trial.

*Greenough, Lyman & Cross, Owen P. Reid, T. Dexter Clarke,* for plaintiff.